UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UBALDO U. MALDANADO,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00232-MMD-WGC

ORDER

## I. SUMMARY

This habeas matter under 28 U.S.C. § 2254 by petitioner Ubaldo Urbina-Maldonado[1] comes before the Court on his application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of counsel (currently docketed at ECF No. 1-2). As further explained below, the Court will grant the motions.

## II. BACKGROUND

Urbina challenges his conviction in Nevada state court, pursuant to a jury verdict, of 11 counts of sexual assault on a child under sixteen years of age and 2 counts of lewdness with a child under fourteen years of age. It appears from the state supreme court's September 10, 2009, order of affirmance in No. 51848 in that court,[2] together with the state corrections department's inmate locator page for Urbina, that: (a) he is

---

[1] The caption lists Petitioner's name as docketed by the Clerk of Court. In the text of this order, the Court first uses the full hyphenated name as reflected on Petitioner's petition and counsel motions, which corresponds to Spanish-language-culture-derived naming protocols. Per those protocols, the Court hereafter refers to Petitioner by his first surname and thus as "Urbina."

[2] In addition to the papers on file, the Court takes judicial notice of the available online docket records of the state appellate courts. *See, e.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

sentenced to 20 years to life on each of the 11 sexual assault counts and 10 years to life on each of the lewdness counts; (b) the sentences on 9 of the sexual assault counts and 1 of the lewdness counts all are running concurrently with one another; and (c) the sentences on 2 of the sexual assault counts and 1 of the lewdness counts each run consecutively to all other sentences in the case, including each other.[3]

It thus appears that Urbina must serve a minimum of 70 years before being eligible for a parole outside of prison walls. His inmate locator page would suggest that he was approximately 31 years at the time that the sentences first began to run. It therefore would appear that he would not be eligible for a parole before reaching approximately 101 years of age. He thus, as a practical matter, is effectively sentenced to the equivalent of life without parole.

On direct appeal, Urbina appears to have raised primarily only a single claim challenging the voluntariness of his statements admitted at trial, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The Supreme Court of Nevada affirmed the conviction in case No. 51848 on September 10, 2009; and the time to seek *certiorari* review in the United States Supreme Court expired on December 9, 2009.

Over three years later, on December 20, 2012, Urbina filed a state post-conviction petition. The state district court initially denied the petition as untimely. However, the state supreme court, in case No. 63330 in that court, reversed and remanded for consideration of Urbina's arguments seeking to establish good cause for the failure to file a timely petition with, *inter alia*, appointment of counsel for Urbina on remand.

It appears from the briefing in the later appeal in case No. 76736 in the state appellate courts that the state district court held an evidentiary hearing and again dismissed the state petition and a second *pro se* petition as untimely. It appears that the

---

[3]The Court's preliminary screening review is based upon limited materials and is subject to further review as to underlying factual specifics on a more fully developed federal record. The Court makes no binding factual findings as to any assertions made herein on this preliminary review. The Court's primary focus at this juncture is on making a pragmatic determination as to whether the interests of justice require the appointment of counsel, based upon the materials and information currently available.

2

district court found, *inter alia,* that Urbina did not establish that he timely requested Spanish-language legal resources or assistance, that such resources and assistance were unavailable to him, or that he did not have sufficient English language ability to seek assistance. It further appears that the state district court denied a supplemental petition filed by appointed counsel on the merits of the claims presented therein.

It additionally appears that a corrected judgment of conviction was filed during the foregoing state post-conviction proceedings in 2015.

Briefing on the appeal in case No. 76736 has been completed and the matter is currently pending for decision in the state appellate courts.

Urbina dispatched the federal petition in this matter to the Clerk on or after May 2, 2019. It appears that the federal petition does not include the claim exhausted on direct appeal and, at best, includes only claims that were presented by counsel in the state post-conviction proceedings, which have yet to be concluded as of this review.

Urbina asserts in his motion for appointment of counsel, *inter alia*, that he "still has problems with English language" and "[h]is English is marginal at best." He additionally asserts in both the motion and within the petition that his current state post-conviction appeal counsel has abandoned him, and has not responded to his letters requesting his case file for him to use in preparing a federal petition. (ECF No. 1-1 at 3; ECF No. 1-2 at 3.)

**III. DISCUSSION**

Urbina's pauper application will be granted. The application additionally establishes Urbina's financial eligibility for appointment of counsel.

The Court finds that the appointment of counsel is in the interests of justice, taking into account, *inter alia*: (a) the substantial sentence structure, which appears to sentence Urbina functionally to the equivalent of life without parole; (b) the potential complexity in particular of the likely procedural issues in this case; and (c) the interest of justice in assuring that Urbina's ability to litigate his claim in federal court that alleged limited English-language abilities impaired his ability to timely seek post-conviction relief is not

itself impaired by his alleged limited English-language abilities. While it appears possible that the current *pro se* petition is completely unexhausted at least at this point, that would not necessarily preclude Urbina from filing a protective federal petition and seeking a stay until at the very least the current pending state proceedings are concluded. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Mena v. Long*, 813 F.3d 807 (9th Cir. 2016). Other than finding that the interests of justice require the appointment of counsel, the Court expresses no opinion as to any factual, procedural or substantive issue in this case.

**IV.   CONCLUSION**

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted, and that the Clerk of Court will file the petition.

It is further ordered that the Clerk of Court will file the accompanying motion for appointment of counsel (currently at ECF No. 1-2), that the motion is granted, and that the Clerk will reflect the grant of the motion when docketing the motion. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will then appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief, such as also a motion to stay, will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 120 days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or

representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered, so that Respondents may be electronically served with any papers filed through counsel, that the Clerk of Court will add state attorney general Aaron Ford as counsel for Respondents, and will make informal electronic service of this order upon Respondents by directing a notice of electronic filing to him. Respondents' counsel will enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court further will send a copy of this order to the Federal Public Defender.

The Clerk of Court additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

Finally, the Clerk of Court will provide Petitioner in proper person a copy of this order and of the papers that he filed.

DATED THIS 13th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE