UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UBALDO URBINA-MALDONADO,<br><br>Petitioner,<br>v.<br><br>RENEE BAKER, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00232-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This is a *habeas corpus* action under 28 U.S.C. § 2254. Currently before the court is Respondents' motion to dismiss (ECF No. 22 ("Motion")) Petitioner Ubaldo Urbina-Maldonado's second amended petition (ECF No. 19).[1] The Court finds that the action is untimely and that Petitioner has not demonstrated that equitable tolling is warranted. The Court will therefore grant Respondents' Motion.

Also before the Court are Respondents' motion for leave to file documents under seal (ECF No. 40) and Petitioner's motion to seal (ECF No. 48). The Court will grant these motions.

**II.   BACKGROUND**

After a jury trial in state district court, on May 9, 2008, Petitioner was convicted of 11 counts of sexual assault on a child and two counts of lewdness with a child under the age of 14 years. (ECF No. 35-5.) Petitioner appealed, and the Nevada Supreme Court affirmed on September 10, 2009. (ECF No. 36-1.)

On December 20, 2012, Petitioner filed a proper-person post-conviction *habeas corpus* petition in the state district court. (ECF No. 37-5.) On May 20, 2013, the state

---

[1]Petitioner has filed an opposition to the Motion (ECF No. 46), and Respondents have filed a reply (ECF No. 52).

district court dismissed the petition as untimely under NRS § 34.726(1). (ECF No. 37-9.) Petitioner appealed, and on December 12, 2013, the Nevada Supreme Court remanded for the district court to determine whether Petitioner demonstrated cause for the delay and undue prejudice, with an instruction to appoint counsel to represent Petitioner. (ECF No. 37-18.) On remand, Petitioner filed another proper-person post-conviction *habeas corpus* petition on November 14, 2014. (ECF No. 37-26.) Petitioner filed a counseled supplemental petition on November 17, 2016. (ECF No. 37-37.) The state district court held an evidentiary hearing on May 7, 2018. (ECF No. 38-12.) On July 9, 2018, the state district court found that Petitioner had not demonstrated cause and prejudice, and it again dismissed the petition as untimely. (ECF No. 38-15.) Petitioner appealed, and the Nevada Court of Appeals affirmed on July 30, 2019. (ECF No. 39-21.) Remittitur issued on August 26, 2019. (ECF No. 39-23.)

On July 1, 2015, while the state post-conviction petition was pending in the state district court, the state district court entered a corrected judgment of conviction dated *nunc pro tunc* May 9, 2008. (ECF No. 37-31.) The corrected judgment added the special sentence of lifetime supervision required under NRS § 176.0931 for sexual offenders, and it required Petitioner to register as a sex offender. (*Id.*)

Petitioner did not state when he handed his initial, proper-person federal *habeas corpus* petition under 28 U.S.C. § 2254 to a prison official for mailing to the Court, but he dated it May 2, 2019. (ECF No. 4.) The Court received the petition on May 6, 2019. (*Id.*)

### III.    LEGAL STANDARD

Congress has limited the time in which a person can petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

2

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *see also* Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). "First, for a litigant to demonstrate 'he has been pursuing his rights diligently,' *Holland*, 560 U.S. at 649 [. . .], and thus satisfies the first element required for equitable tolling, he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir.) (*en banc*), *cert. denied*, ___ U.S. ___, 2020 WL 6829092 (Nov. 23, 2020). "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id.* at 599. "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.*

///

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

## IV.  DISCUSSION

### A.  The One-Year Limitation Period

The corrected judgment of conviction, entered on July 1, 2015, started a new one-year period. An amended judgment can be a new judgment of conviction that would start a new one-year period. *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). If, under state law, a change in the sentence results in a new judgment, then a new one-year period starts. *See Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017).

For a person convicted of a sexual offense, Nevada law requires "the court [to] include in sentencing, in addition to any other penalties provided by law, a special sentence of lifetime supervision." NRS 176.0931. Nevada law also requires such a person to register as a sex offender upon release from incarceration. NRS 179D.460.

The original judgment of conviction did not impose the special sentence of lifetime supervision, nor did it inform Petitioner of the requirement to register as a sex offender. (ECF No. 35-5.) At the sentencing hearing, the judge did not impose the special sentence of lifetime supervision and did not inform Petitioner of the registration requirement. (ECF No. 35-6.) The corrected judgment of conviction imposed the special sentence of lifetime supervision and the registration requirement. (ECF No. 37-31.)

The state district court dated the corrected judgment of conviction July 1, 2015, *nunc pro tunc* to May 9, 2008, which was the date of entry of the original judgment of conviction. However, that does not appear to be the correct use of a *nunc pro tunc* order under Nevada law. "The object and purpose of a *nunc pro tunc* order is to make a record speak the truth concerning acts done." *Finley v. Finley*, 189 P.2d 334, 336, *opinion supplemented on denial of reh'g*, 196 P.2d 766 (Nev. 1948), *and overruled in part on other grounds by Day v. Day*, 395 P.2d 321 (Nev. 1964). "[A]n order *nunc pro tunc* cannot be made use of nor resorted to, to supply omitted action. Power to order the entry of

judgment *nunc pro tunc* cannot be used for the purpose of correcting judicial errors or omissions of the court." *Id.* Under NRS 176.0931, the state district court needed to impose a special sentence of lifetime supervision. The state district court did not impose that sentence, either in the original judgment of conviction or at the sentencing hearing. Under NRS § 176.555, the state district court had the power to correct the omission. There lies the problem with calling the corrected judgment of conviction a *nunc pro tunc* judgment. The corrected judgment did not fix a clerical error that had omitted a sentence that the judge had imposed. The corrected judgment fixed an omission in the imposition of the sentence. Under state law, the corrected judgment appears not to be a proper *nunc pro tunc* judgment.

The Court concludes that the addition of the sex-offender registration requirement to the corrected judgment of conviction did not increase Petitioner's sentence. The Ninth Circuit has held that a person who has completed his sentence but is subject to a sex-offender registration requirement is not in custody, and thus the court lacked jurisdiction to grant *habeas corpus* relief. *See Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998). If a sex-offender registration requirement, by itself, does not put a person in custody for the purposes of *habeas corpus* jurisdiction, then the addition of that requirement in the corrected judgment of conviction did not increase Petitioner's sentence.

But the Court concludes differently regarding the special sentence of lifetime supervision. The special sentence of lifetime supervision is a form of parole for some purposes. NRS § 213.1243(2). It also places restrictions upon a sex offender's residence and movement. NRS § 213.1243(3) and (4). Other conditions might also be imposed. From this, the Court concludes that adding the special sentence of lifetime supervision to the corrected judgment of conviction increased Petitioner's sentence, which, in turn means that the corrected judgment of conviction is a new sentence for the purpose of § 2244(d)(1)(A). The corrected judgment thus started a new one-year period for filing a *habeas corpus* petition. The period of limitation began to run from the date that the corrected judgment of conviction became final. Petitioner did not appeal the corrected

judgment, and it became final upon expiration of the time to appeal, at the end of July 31, 2015. *See* Nev. R. App. P. 4(b), 26(a). The one-year period started the next day, August 1, 2015.

Petitioner had until the end of July 31, 2016, to file a *habeas corpus* petition under 28 U.S.C. § 2254. The state *habeas corpus* petition, which was pending at the time, was untimely. Accordingly, it did not toll the one-year period under 28 U.S.C. § 2244(d)(2). *Pace*, 544 U.S. at 417. Petitioner mailed his proper person § 2254 petition to the Court on or around May 2, 2019, almost three years after the one-year period expired. Equitable tolling would therefore be necessary for the Court to determine that this action is timely.

### B.     Equitable Tolling

Petitioner presents three arguments for equitable tolling. First, he argues that his attorney on direct appeal, John Petty, abandoned him. (ECF No. 46 at 4-8.) Second, Petitioner argues that the prison law library lacked Spanish-language resources, that he had no physical access to the prison law library, that he needed to request materials through inmates assigned to work at the prison law library, and that initially he did not trust those inmates with information about his case. (ECF No. 46 at 8-11.) Third, Petitioner had a hernia from 2005 through 2011, and spent three years in prison asking for treatment for the hernia before he received surgery on July 13, 2011. (ECF No. 46 at 11-12.) Petitioner concludes that if these barriers to litigation did not exist, then he would have filed a timely state post-conviction *habeas corpus* petition. That petition would have then tolled the one-year period under 28 U.S.C. § 2244(d)(2). With the tolling, his federal *habeas corpus* petition then would be timely. (ECF No. 46 at 12.)

None of these circumstances were external impediments to filing a timely federal *habeas corpus* petition. All of them dissipated years before the finality of Petitioner's operative judgment of conviction and the commencement of § 2244(d)(1)(A)'s one-year limitation period on August 1, 2015. By that date, Petitioner had filed his state post-conviction *habeas corpus* petition, post-conviction counsel was representing him, and surgery had corrected his hernia.

6

The state courts could not have misled him. In Nevada, NRS § 34.726(1) is a pleading requirement, not an affirmative defense. The form that Petitioner used asked him to explain why he was filing his petition late. (ECF No. 37-5 at 6.) The state district court initially dismissed the petition because it was untimely and because Petitioner had not shown good cause to excuse NRS § 34.726(1). (ECF No. 37-9.) On appeal, the Nevada Supreme Court remanded for the state district court to appoint counsel and to re-evaluate Petitioner's arguments for good cause to excuse NRS § 34.726(1). (ECF No. 37-18). The state district court held an evidentiary hearing to determine whether Petitioner could show good cause, and Petitioner testified at that hearing. (ECF No. 38-12.) The state district court then, again, dismissed the petition as untimely. (ECF No. 38-15.) On appeal, the Nevada Court of Appeals affirmed for the same reason. (ECF No. 39-21.) In short, the state courts informed Petitioner that he had a timeliness problem at all points in the state court proceedings—they did not mislead Petitioner into thinking that his state petition was timely at any point in those proceedings.

It is not evident to the Court what could have stopped Petitioner from filing a federal *habeas corpus* petition, while his untimely state post-conviction petition was pending, until May 2, 2019. Petitioner could have filed his federal *habeas corpus* petition before the state proceedings were finalized. No rule or statute prevented Petitioner from filing a *habeas corpus* petition in this Court while his state *habeas corpus* proceedings were ongoing. This Court might not have been able to consider the petition, *see* 28 U.S.C. § 2254(b), but *Pace* encourages petitioners who have reason to believe that their state petitions are untimely and thus ineligible for tolling under 28 U.S.C. § 2244(d)(2) to file a protective petition in federal court, then ask for a stay while they exhaust their state-court remedies. 544 U.S. at 416. No other external impediment is apparent.

Further, Petitioner has not demonstrated reasonable diligence. Knowing that he had a problem with the timeliness of the state post-conviction petition, Petitioner could not wait until the conclusion of those proceedings before he filed a federal *habeas corpus* petition. He needed to file a federal *habeas corpus* petition as soon as reasonably

7

possible. Instead, he did not, waiting almost four years from the finality of his judgment of conviction to send his petition to this Court.

Petitioner's arguments do not acknowledge the corrected judgment of conviction. He focuses mainly on matters that occurred before the entry of the corrected judgment. However, if the corrected judgment did not exist, then the Court's conclusion would not change. Even assuming that appellate counsel abandoned Petitioner, that he had no meaningful access to the prison law library, and that pain from his untreated hernia kept him from writing a petition, all of those circumstances had dissipated no later than the date Petitioner filed his state post-conviction *habeas corpus* petition, December 20, 2012. From that point on, nothing stopped him from litigating in federal court, because nothing was stopping him from litigating in state court. Petitioner knew at that time that he had a problem with the timeliness of his state petition, and that he reasonably may have a problem with any subsequent federal petition. A reasonably diligent person would not have waited for the conclusion of the state-court proceedings, perhaps hoping that the state courts would eventually rule that good cause excuses the untimely petition under state law, thus making it eligible for tolling under § 2244(d)(2). A reasonably diligent person would have instead completed a federal *habeas corpus* petition and submitted it to the Court in the event the state courts determined that the state petition was untimely, as happened here.

Additionally, by not acknowledging the corrected judgment of conviction, Petitioner missed an argument that, for the sake of completeness, the Court will address. Petitioner's corrected judgment of conviction became final at the end of July 31, 2015, and the one-year period limitation expired at the end of July 31, 2016. Similarly, both events occurred in *Smith v. Williams*. 871 F.3d 684 (9th Cir. 2017). In that case, the Ninth Circuit ruled that an amended judgment of conviction can reset the one-year period of limitation. Petitioner might argue that the clock ran out before he even knew that it had been reset. However, nothing stopped Petitioner from filing a federal *habeas corpus* petition after entry of the corrected judgment of conviction and arguing, as Smith did, that

the corrected judgment reset the one-year clock. *See id.* Furthermore, Petitioner might have filed a *habeas corpus* petition soon after the *Smith* decision, arguing that equitable tolling is warranted because he did not understand the full meaning of the entry of the corrected judgment of conviction. Instead, by waiting until the conclusion of the untimely state-court post-conviction proceedings, he failed to show the diligence necessary for equitable tolling.

### C. Procedural Default

Respondents argue that grounds 1 and 2 of the second amended petition are procedurally defaulted. Petitioner raised these grounds in his state post-conviction *habeas corpus* petition, and the Nevada Court of Appeals held that the petition was untimely under NRS 34.726(1). (ECF No. 22 at 6-7.) The Court will not address this argument because the Court is dismissing the entire action as untimely.

### D. Certificate of Appealability

To appeal the denial of a petition for a writ of *habeas corpus*, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Court has reviewed the petition, and determines that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. However, reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling. Under any set of circumstances,

Petitioner waited too long after any impediments to litigation dissipated before he filed his federal *habeas corpus* petition. The Court therefore will not issue a certificate of appealability.

### E. Motions to Seal

Respondents have filed a motion for leave to file documents under seal. (ECF No. 40.) One document that they seek to file under seal is the pre-sentence investigation report, which contains confidential information. Other documents that they seek to file under seal are state-court sealed documents about attorney compensation, which contain attorney work product or privileged information.

Petitioner has also filed a motion to seal. (ECF No. 48.) He seeks to file under seal his medical records, which contain confidential information.

The Court finds compelling reasons to file these documents under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The Court therefore grants both motions.

### V. CONCLUSION

It is therefore ordered that respondents' motion for leave to file documents under seal (ECF No. 40) is granted.

It is further ordered that petitioner's motion to seal (ECF No. 48) is granted.

It is further ordered that respondents' motion to dismiss (ECF No. 22) is granted. This action is dismissed with prejudice because it is untimely.

It is further ordered that the Court will not issue a certificate of appealability.

The Clerk of the Court is directed to enter judgment accordingly and to close this action.

DATED THIS 24th Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE